UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.: 8:12-CIV-678-T-33TGW

REXEL, INC., REXEL DÉVELOPPEMENT SAS,
and SOUTHERN ELECTRIC SUPPLY CO., INC.,

    Plaintiffs,

v.

ROBERT HOLCOMB and REDEMPTECH
HOLDINGS PTY, LTD., a/k/a REDEMPTECH
HOLDINGS PTE, LTD., REDEMPTECH
LIMITED and REDEMPTECH AUSTRALIA PVT.
LTD.,

    Defendants.             /

## PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT ROBERT HOLCOMB'S MOTION TO DISMISS

Plaintiffs, REXEL, INC., REXEL DÉVELOPPEMENT SAS, and SOUTHERN ELECTRIC SUPPLY CO., INC., by and through their undersigned attorneys pursuant to Local Rule 3.01(b) hereby file this Memorandum in Opposition to Defendant, ROBERT R. HOLCOMB'S Motion to Dismiss Under Rule 12(b) for Lack of Jurisdiction, Improper Venue, and Failure to Join Indispensable Party (the "Motion to Dismiss") (Doc. #9), and in support thereof states as follows:

### INTRODUCTION

Holcomb's Motion to Dismiss claims that the Plaintiff's claims must be dismissed for lack of jurisdiction, improper venue and failure to join indispensable parties. The Motion to Dismiss provides no legal support other than a reference to all of the subsections of Rule 12(b) of the Federal Rules Civil Procedure. And, the Motion to Dismiss provides no factual support other than vague references to how the corporate co-Defendants purportedly only do business over seas. It is impossible to completely respond to such sweeping and unsupported allegations. However, for the

purposes of this Memorandum, the Plaintiffs will attempt to address what Holcomb may have meant to say in the Motion to Dismiss, even though it was never said.

## STANDARD OF REVIEW

For the purposes of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must accept all well pled allegations in the Complaint as true and construe those allegations broadly in a light most favorable to the plaintiff. *Levine v. World Financial Network National Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006). For the purposes of a motion to dismiss under Rule 12(b)(5) of the Rules of Civil Procedure, the Court should review the allegations of the Complaint in a light most favorable to the Plaintiff to determine if the Complaint sufficiently alleges a claim. *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990).

## I. HOLCOMB IS SUBJECT TO THE JURISDICTION OF THIS COURT.

This Court only exercises personal jurisdiction over a party if it is established that (1) the acts alleged against the party falls within Florida's long-arm statute (§ 48.193, Fla. Stat. (2012)); and (2) exercise of personal jurisdiction over the Defendant complies with the Due Process Clause of the Fourteenth Amendment. *Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1214 (11th Cir. (Fla.) 1999).

First, Florida's long-arm statute provides in relevant part as follows:

(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:

(a) Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.

(b) Committing a tortious act within this state.

§ 48.193, Fla. Stat. (2012).

0161015\155190\1441701\2

Holcomb's activities clearly fall within the Florida long-arm statute. First, the undisputed allegations in the Complaint, which must be taken as true for the purposes of a Motion to Dismiss, clearly show that Holcomb is doing business in Florida. Paragraphs 37 through 40 of the Complaint allege that Holcomb obtained a fraudulent document in Florida which allegedly relates to a power generation plan and fraudulently placed Plaintiff's trademark on the document. Additionally, paragraph 43 of the Complaint alleges that Holcomb used that fraudulent report to solicit investments by third parties in Florida. Further, paragraph 31 of the Complaint identifies the place where the packing slips were obtained to make the fraudulent report as being 10510 Portal Crossing, Unit 105, Bradenton, Florida 34211.

In fact, Holcomb himself admits in his sworn Affidavit (Doc. 10-1) that Holcomb operates, conducts, engages in and carries out a business in the state of Florida. Holcomb confirms these facts in Holcomb's supporting Affidavit (Doc. 10-1). In the Affidavit, Holcomb acknowledges that Holcomb sought technical aid from the Sarasota, Florida Rexel facility (para. 5) and that the document in question was purportedly provided to Holcomb at the Sarasota Rexel facility (para. 9). And, in his Affidavit, Holcomb admits to corresponding with Mr. Kitanovski by email from Mr. Kitanovski's place of employment in Sarasota.

As a result of the undisputed allegations in the Complaint, and through Holcomb's own admissions, jurisdiction over Holcomb satisfies Florida's long arm statute. Holcomb has conducted business in both Bradenton and Sarasota. These two cities, along with Holcomb's activity, are within the state of Florida, so the long arm statute applies.

Second, bringing Holcomb before a Court in the Middle District of Florida does not violate the Due Process Clause of the Fourteenth Amendment. Holcomb was served at his home by the U.S. Marshall Service. Holcomb's home is located at 990 Boulevard of the Arts, Unit 804, Sarasota, Florida 34236. It is black letter law that a resident Defendant is subject to the personal

jurisdiction in the Defendant's home state when the Defendant is served in that state. *Milliken v. Meyer*, 311 U.S. 457, 463 (1940). The due process analysis of *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) is not applicable to this case because such analysis only applies to non-resident Defendants. Holcomb is a resident Defendant.

Even if the *International Shoe* analysis were to apply, Holcomb would be subject to the jurisdiction of this Court based on the business that Holcomb conducts in this state. As discussed above, Holcomb admits to conducting business in the Middle District of Florida in Holcomb's sworn affidavits (Doc. 10-1). The unrebutted allegations in the Complaint, in conjunction with Holcomb's own admissions in Holcomb's Affidavit, firmly establish that Holcomb is subject to the personal jurisdiction of this Court.

In summary, Holcomb is subject to personal jurisdiction of this Court simply because Holcomb resides within the Middle District of Florida and Holcomb conducts business in the Middle District of Florida. Holcomb's unsupported claims to the contrary should be rejected and his Motion to Dismiss should be denied.

## II. THIS DISPUTE IS WITHIN THE SUBJECT MATTER JURISDICTION OF THE COURT

The Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1338(a) and (b) because this civil action arises under the trademark laws of the United States. The Court also has pendant jurisdiction over the related state law claims in the Complaint under 28 U.S.C. § 1367. This Court also has diversity jurisdiction under 28 U.S.C. § 1332 as the parties are citizens of different states and the matter in controversy is in excess of $75,000, exclusive of interest, attorneys' fees and costs. These allegations were raised in paragraph 10 of the Complaint and nothing in the Motion to Dismiss or supporting Affidavits challenges such allegations.

### III. VENUE IS PROPER IN THIS COURT.

Venue properly lies in this judicial district and division under 28 U.S.C. § § 1391(b) or (c). The unrebutted allegations in the Complaint establish that a substantial part of the events giving rise to the trademark infringement claims asserted herein occurred in this District. Further, Holcomb's own Affidavit establishes that Holcomb's conduct was conducted within this District. Moreover, Defendant, Holcomb, resides within the District. As a result, all requirements for venue are met and venue is clearly appropriate in this Court.

### IV. ALL INDISPENSABLE PARTIES ARE BEFORE THIS COURT.

Holcomb also claims that Redemptech Holdings Pty, Ltd a/k/a Redemptech Holdings PTE, Ltd., Redemptech Limited and Redemptech Australia (collectively "Redemptech") are not subject to the jurisdiction of this Court, so claims against Holcomb for Holcomb's fraudulent actions may not proceed. First, this is simply not factually accurate. Redemptech is before this Court, is a party to this suit, and was served when Holcomb was served. Holcomb can not avoid service by merely refusing it. Redemptech and Holcomb are one and the same and Redemptech is now before this Court.

Even if Redemptech were not served and was not part of this litigation (it is) Redemptech is still not an indispensable party. The test for indispensability is in Rule 19 of the Federal Rules of Civil Procedure. This first prerequisite for indispensability is that the party be "subject to service of process". *Sierra Club v. Leathers*, 754 F.2d 952, 954 (11th Cir. 1985). If, as Holcomb states, Redemptech is not subject to service of process, Redemptech would not be indispensable.

Further, none of the other pre-requisites for indispensability in Rule 19 of the Federal Rules of Civil Procedure are met. Rule 19 provides for mandatory joinder of a party when:

> (1) in his absence complete relief cannot be accorded among those already parties, or
> (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties

subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.

Fed. R. Civ. P. 19(a). None of these pre-requisites apply. The Court can afford complete relief by simply providing relief against Holcomb because Holcomb is the party fraudulently using the Plaintiff's trademarks. Further, Redemptech has not claimed an interest in this matter, and disposition may be made in Redemptech's absence.

All indispensable parties have been joined. The Motion to Dismiss for failure to join indispensable parties should be denied.

## CONCLUSION

Holcomb is engaged in activity in the Middle District of Florida that includes trademark infringement for the purposes of fraudulently soliciting investors using the Plaintiff's trademarks. Holcomb may not now attempt to hide behind some sort of foreign corporation to evade the jurisdiction of this Court. Whether or not Holcomb is a Director of the corporations (the evidence will show he is), the allegations in the Complaint undisputedly establish that Holcomb is properly before this Court, that venue is appropriate before in this Court, and that all indispensible parties have been included. Consequently, the Motion to Dismiss should be denied.

/s/ RICHARD S. DELLINGER
**RICHARD S. DELLINGER, ESQUIRE**
Florida Bar No. 0179957
Lowndes, Drosdick, Doster, Kantor & Reed, P.A.
215 North Eola Drive
Post Office Box 2809
Orlando, Florida 32802-2809
Telephone: (407) 843-4600
Facsimile: (407) 843-4444
Counsel for Rexel, Inc., Rexel Développement
SAS, and Southern Electric Supply Co., Inc

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 7th, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will provide notice to Jamie N. Pitts, Esquire, 1064 N. Tamiami Trail, #1533, Sarasota, Florida 67569.

/s/ RICHARD S. DELLINGER
**RICHARD S. DELLINGER**